IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KARIN REIDY | : |
| 10600 Weymouth Street | : |
| Bethesda, MD 20814 | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | : Civil Action No: |
| | : |
| THE UNUM LIFE INSURANCE COMPANY OF | : |
| AMERICA | : |
| | : |
| SERVE: | : |
| Insurance Commissioner | : |
| Maryland Insurance Administration | : |
| 200 St. Paul Place, Ste. 2700 | : |
| Baltimore, MD 21202 | : |
| | : |
| and | : |
| | : |
| THE SQUIRE PATTON BOGGS GROUP LONG | : |
| LONG TERM DISABILITY PLAN | : |
| | : |
| SERVE: Plan Administrator | : |
|       Squire Patton Boggs, LLP | : |
|       2550 M Street, NW | : |
|       Washington, DC 20037 | : |
| | : |
|     Defendants. | : |

## **COMPLAINT**

1.     Plaintiff seeks relief under ERISA,  29 U.S.C. § 1001, et seq., specifically ERISA §502, 29 U.S.C. § 1132.

2.     This court has jurisdiction pursuant over the issues raised herein pursuant to ERISA §502,  29 U.S.C. §1132(e)(1) and 28 U.S.C.§ 1331 (Federal Question).

3.     Venue is appropriate under 29 U.S.C. §1132(e)(2) in that the policy was issued to

1

Plaintiff when he was a resident of the Commonwealth of Virginia and  Defendants were doing business in the State of Maryland so as to have sufficient contacts pursuant to *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 90, 90 L.Ed. 95 (1945) in order to confer in personam jurisdiction.

4.    This is an action pursuant to 29 U.S.C. §§502(a)(1)(B), et seq. which seeks to clarify a beneficiary's rights to past and future benefits under the terms of the plan operating under a conflict of interest.  Plaintiff seeks a declaration of right under the policy at issue which is an "employee welfare benefit plan" as defined under ERISA.  Plaintiff seeks reinstatement of benefits and payment of all back benefits due and owing plus interest.  Plaintiff seeks to enforce the rights afforded under the plan and to clarify all rights to future benefits under the plan pursuant to 29 U.S.C. § 1132(a).  Plaintiff seeks an award of attorney's fees and costs.

## Parties

5.        Plaintiff is an adult resident of Bethesda, Maryland.

6.        Plaintiff was a plan participant under a group benefits plan established by Squire Patton Boggs, LLP, (Hereinafter, "SPB") a business located in the District of Columbia.

7.         SPB contracted with the Unum Life Insurance Company of America (Hereinafter, "Unum") as the insurer for the plan who issued the pertinent disability plan in the District of Columbia.

## The Disability Contract

8.         Unum, as claims administrator and insurer of the plan, has made all of the decisions  regarding plaintiff's claim for disability benefits in this case while operating under a conflict of interest.

9.      The plan promises to pay benefits if an employee is disabled.

10.      Disability in the plan is defined as follows:

**How Does Unum Define Disability:**

You are disable when Unum determines that:

-you are limited from performing the material and substantial duties of your
regular occupation due to your sickness or injury; and
 not working in any occupation due to your injury or sickness; and
-you have a 20% or more loss in your indexed monthly earnings due to the same
sickness or injury.

**Plaintiff's Disability Claim**

11.      Plaintiff suffers from major depression, panic disorder, migraine headaches,

hypothryroidism among other conditions in addition to associated chronic pain, fatigue, cognitive

impairment, and other conditions, symptoms, and impairments.

12.      Plaintiff was an employee at SPB serving as the Director, Professional

Recruitment & Retention  at the time when she became disabled on 3/27/14 .

13.      Unum denied long term disability benefits on 7/30/15.

14.      Plaintiff obtained counsel and filed a comprehensive appeal timely on

1/22/16 which included medical, functional capacity, vocational, and other evidence.  This

appeal concluded with the following statements (bolded as in original):

*   **The initial request for information remains continuing in nature.  All
    documents added to this file must be sent in a timely manner for review prior
    to your decision.**
*   **Should you choose to have Claimant's submitted evidence reviewed by any
    medical and/or vocational professional, Claimant hereby reserves the right to
    respond to such professional's report prior to your making a final claims
    determination.**

15.      Unum denied the appeal on 3/21/16 with the denial decision including new

3

21.     With the final denial, all conditions precedent under the plan have been satisfied and the plaintiff has exhausted all administrative appeals under the plan prior to filing suit.

22.     Plaintiff is entitled to these benefits under the plan since he has:

      A.     Satisfied all conditions to be eligible under the plan; and

      B.     Has not waived or otherwise relinquished his entitlement to these benefits.

23.     Prior to appealing the claim denial, Plaintiff's counsel set a request for claims file documentation to Defendants which required production of the all summary plan documents, governing claims manual provisions or handling instructions under which this claim was reviewed.  These requests were made pursuant to 29 C.F.R. § 2560.502 - 1(g) *et seq.*

24.     Defendants failed to produce pertinent documentation requested.

## Requested Relief

25.     Plaintiff requests that this court review the denial of benefits in this case and declare  that she is entitled to all benefits under the policy including payment of all back benefits with interest in addition to reinstatement of life insurance and life premium waiver.

26.     Plaintiff seeks payment of all attorney's fees and costs associated with attempting to secure these benefits pursuant to Section 502(g)(1) of ERISA.

27.  Plaintiff requests penalties payable in the amount of $110/day or other amount as to be determined by this Court pursuant to 29 U.S.C. 1132(c), 29 C.F.R. § 2560.502 - 1(g) *et seq.* as a result of Defendants' failure to produce the documents requested.

28.     Any such other relief  the Court may deem just and proper.

Respectfully submitted,


_____/s/_____
Scott B. Elkind, Bar 10810
Elkind & Shea
801 Roeder Rd., Ste. 550
Silver Spring, MD 20910
P: (301) 495-6665
F: (301) 565-5111
Attorney for Plaintiff