IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KARIN REIDY, | * |
| Plaintiff, | * |
| v. | * Civil Action No. PX–16–2926 |
| THE UNUM LIFE INSURANCE COMPANY OF AMERICA, *et al*. | * |
| Defendant(s). | * |

******

**MEMORANDUM OPINION & ORDER**

Karin Reidy (Plaintiff) brought this suit against Unum Life Insurance Company of America and The Squire Patton Boggs Group Long Term Disability Plan (Defendants), seeking a declaration of entitlement to disability benefits, payment of back-benefits plus interest, and costs pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. (ERISA). On May 19, 2017, Plaintiff moved to compel discovery, ECF No. 26. The issues are fully briefed and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons set forth below, Plaintiff's Motion to Compel Discovery (ECF No. 26) is DENIED.

**I. BACKGROUND**

Plaintiff is a former employee of Squire Patton Boggs where she served as the Director of Professional Development and Retention. ECF No. 1 at ¶ 11. Plaintiff was a plan participant under a group benefits plan established by Defendant Squire Patton Group Long Term Disability Plan. ECF No. 1 at ¶ 6; *see also* ECF No. 8. Defendant Unum Life Insurance Company of

1

America ("Unum") is the claims administrator and insurer of Plaintiff's disability insurance. ECF No. 1 at ¶ 7; *see also* ECF No. 6.

Plaintiff avers that she became disabled on or around March 27, 2014 and sought disability benefits. *Id.* at ¶ 12. Defendants denied Plaintiff's claim on July 30, 2015. *Id.* at ¶ 13. Plaintiff appealed Unum's decision and Unum denied the appeal on March 21, 2016. *Id.* at ¶¶ 14–15. Plaintiff then filed this action against the plan under § 502(a)(1)(B) of the Employment Retirement Income Security Act of 1974 ("ERISA"), requesting that this Court declare her entitled to benefits under the plan. ECF No. 1.

After filing the Complaint, Plaintiff propounded interrogatories and requests for production of documents on Defendants regarding the doctors that reviewed Plaintiff's claim, Dr. Kletti and Dr. Shipko. *See* ECF Nos. 22 & 26-2. Plaintiff more particularly requested Defendants produce evidence regarding (1) the total number of ERISA disability claims referred to Dr. Kletti and how many of these claims were approved; (2) the total number of ERISA disability claims referred to Dr. Shipko and how many of these claims were approved; (3) the number of times Drs. Kletti and Shipko reviewed the same claim from 2014 to present; and (4) all monies paid to Drs. Kletti and Shipko from 2014 to present under the Unum Management Incentive Compensation Plan (MCIP) or other bonus plans. Plaintiff asserts that this information is necessary to determine if Dr. Kletti and Dr. Shipko's denial is somehow tied to Unum's compensation structure. ECF No. 26-1 at 6–8. Defendants object to Plaintiff's requests as moot, immaterial, and disproportionate to the needs of the case under Fed. R. Civ. P. 26(b)(1). ECF No. 27.

On May 19, 2017, Plaintiff moved to compel the above-described discovery. ECF No. 26. On June 7, 2017, Unum opposed, principally arguing that Plaintiff is not entitled to the

discovery because the administrative record is sufficient for the Court to determine whether and the extent to which Unum's conflict of interest improperly influenced Plaintiff's benefits decision. *Id.* For the following reasons, the Court agrees with Unum.

## II. DISCUSSION

Because "the administration of ERISA plans should be left to plan fiduciaries, not federal courts," judicial review of plan administrator decisions is generally limited to the evidence presented to the plan administrator at the time of decision. *Helton v. AT & T Inc.*, 709 F.3d 343, 352 (4th Cir. 2013); *Clark v. Unum Life Ins. Co. of Am.*, 799 F. Supp. 2d 527, 531 (D. Md. 2011) (noting it is "settled law in this circuit that a district court reviewing a plan administrator's decision under a deferential standard may consider only the evidence before the administrator at the time of decision."). Accordingly, when a plaintiff requests extra-record discovery into a defendant's alleged conflict of interest, the court must determine "at the outset . . . whether or not the administrative record contains enough information to allow the court to properly weigh [the] [d]efendant's admitted conflict of interest." *Clark*, 799 F. Supp. 2d at 533. The plaintiff bears the burden of "provid[ing] a basis for the court to determine whether such discovery would fill gaps in the record, and demonstrat[ing] that such discovery is necessary to determine the weight of administrator's conflict." *Ferguson ex rel. Estate of Ferguson v. United Omaha Life Ins. Co.*, No. ELH–12–1035, 2012 WL 6649192, at *2; *see also Griffin v. Hartford Life & Accident Ins. Co.*, No. 16–24, 2016 WL 8795570 at *2 (W. D. Va. Sept. 27, 2016). Put differently, extra record discovery is permitted only where the moving party plausibly alleges a conflict of interest specific to the plaintiff's claim; it is not warranted where the plaintiff's sole contention rests on "alleged general unfairness" in a defendant's business practices. *Clark*, 799 F. Supp. 2d. at 533–34. *See also Griffin*, 2016 WL 8795570 at *3; *Lockard v. Unum Life Ins.*

*Co. of Am.*, No. 15–21, 2015 WL 4730089 at *3–*4 (N. D. W. Va. Aug. 10, 2015). Thus, "the relevance and necessity of [Plaintiff's] proposed extra-record discovery depends on 'whether or not the administrative record contains enough information to allow the court to properly weigh Defendant's admitted conflict of interest.'" *Griffin*, 2016 WL 8794470 at *3 (quoting *Clark*, 799 F. Supp. 2d at 533).

Here, Plaintiff argues that additional discovery is necessary because Unum's "Annual Incentive Plan," – the yearly bonus plan for Unum employees that includes awards of common stock based upon company performance – impermissibly incentivized the reviewing physicians to deny legitimate disability claims. *See, e.g.*, ECF No. 26-1 at 8. Plaintiff argues that incentives based on company performance, "especially where director-physicians are **required** to hold company stock, serve to produce a very troubling conflict of interest which encourages claim denials." *Id.* (emphasis in original). In support, Plaintiff points to earlier cases and government reports documenting Defendant Unum's biased claims investigation practices. *See, e.g.,* ECF No. 26-1 at 9.

Unum acknowledges its inherent structural conflict of interest as the plan's insurers and claims administrator. However, Unum rightfully point out that the mere existence of its Annual Incentive Plan is insufficient to transform a generalized conflict into one affecting Unum's denial of Plaintiff's claims. *See* ECF No. 27 at 14–32. Unum further argues that the 7,436 page administrative record, which includes Unum's detailed claim investigation and analysis, is sufficient for the Court to determine the extent to which Unum's conflicting interests influenced Plaintiff's benefits decision, if at all. *See* ECF No. 27. Defendant contends that this is especially true because it provided to Plaintiff Unum's Annual Incentive Plan, Stock Incentive Plan of 2012, and 2015 Proxy Statement. *See* ECF No. 27-6. The Court agrees.

The critical flaw in Plaintiff's Motion is her failure to assert particularized facts that render extra-record discovery necessary to explore Unum's conflict of interest in adjudication of *her particular claim.* Instead, Plaintiff broadly characterizes "Unum's sordid history from unfair claims handling evidence" and "the poor financial performance of Unum which has compelled its conduct in denying disability cases to stem losses and improve company profitability." ECF No. 29 at 7–8. None of these statements, even if true, speak specifically to Plaintiff's claim or to any "gaps" in the administrative record that the requested discovery would supplement. *Accord Clark*, 799 F. Supp. 2d at 536 (D. Md. 2011) and *Rickaby v. Hartford Life & Accident Ins. Co.*, No. WYD–NYW–16–813, 2016 WL 1597589 at *3–*4 (D. Co. Apr. 21, 2016) ("a simple tally of the number of grants and denials would lack meaning").

Moreover, Plaintiff undercuts the need for the requested discovery by noting that the administrative record demonstrates "a selective review of the evidence followed by a naked conclusion bereft of any reasoning," and characterizes Drs. Kletti and Shipko's failure to conduct a personal interview with the claimant as "unethical *per se*." ECF Nos. 26 at 11 & 29 at 14. If Plaintiff's assertions regarding the administrative record are true, then the record as it stands is sufficient for the Court to assess to what extent Unum's conflict of interest affected its review of Plaintiff's claims.

Finally, the requested discovery does not meet the requirements of Federal Rule of Civil Procedure 26(b)(1). Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and *proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphasis added). Plaintiff has not established that the requested discovery is necessary to resolve the issues in this case or justifies the burden placed on Defendants by its production. On this ground alone, Plaintiff's motion must be denied. *Id.*

## III. CONCLUSION

For the reasons stated in above, it is this 13th day of December, 2017, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's Motion to Compel Discovery (ECF No. 26) BE, and the same hereby IS, DENIED;

2. The Clerk shall transmit copies of this Memorandum Opinion and Order to the parties and counsel in this case.


 12/13/2017                                             /S/
Date                                                Paula Xinis
                                                    United States District Judge